## Natalie Stacey and John James Stacey, minor, by Natalie Stacey, Plaintiffs in Error, v. Max Robbin et al., Defendants in Error.

### Gen. No. 19,672.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed June 17, 1915.

## Statement of the Case.

An action was brought by Natalie Stacey and John James Stacey, a minor, by his mother and next friend, Natalie Stacey, against Max Robbin, Albert B. Joyner, William Sullivan, Walter G. Mueller and Jacob Frank, under section 9 of the Dramshop Act (J. & A. ¶ 4609.)

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A general demurrer was filed to the declaration by William Sullivan, and general and special demurrers were filed by Walter G. Mueller, Jacob Frank and Max Robbin. Defendant Joyner filed a plea of the general issue and notice of the special defense that he was not the owner or in control of the premises mentioned in the declaration, or in possesion or control of the premises in which the defendants or either of them conducted a dramshop. The court entered an order finding that the plaintiffs' declaration did not state a cause of action, and gave leave to file an amended one; and also ordered that the demurrers stand as demurrers to the amended declaration. On the filing of the second declaration, the court found that it did not state a cause of action, and entered judgment in favor of the demurring defendants and against the plaintiffs for costs. Whereupon the plaintiffs sued out a writ of error.

The amended declaration stated that:

"On to wit: December 2, 1911, in Cook county, Illinois, defendant Max Robbin, conducted a dramshop in a building owned by defendant Albert B. Joyner, who knowingly permitted a dramshop to be conducted in said property; that the defendant William Sullivan conducted a dramshop on said date in Cook county, Illinois; that the defendant Walter G. Mueller on said date in Cook county, Illinois, conducted a dramshop in property owned by the defendant Jacob Franks, who knowingly permitted said dramshop to be conducted. That the plaintiffs are the wife and minor son of John James Stacey, and that prior to the date above mentioned he supported and maintained them. That on the date mentioned the defendants, Max Robbin, William Sullivan and Walter G. Mueller, did sell and give intoxicating liquors to the said John James Stacey, which liquors in whole or in part caused him to be and become intoxicated, and in consequence of such intoxication said John James Stacey did on said date then and there kill and murder one Hattie Kaufman, and that in consequence of the commission of said crime said

John James Stacey was indicted by the grand jury of Cook county, Illinois, and upon such indictment was tried, convicted and sentenced to the penitentiary for and during the period of twenty-five years, and is now serving said term of imprisonment and that by reason of the premises the plaintiffs have sustained damages in the sum of thirty thousand dollars, and that by virtue of the statute a cause of action has accrued to them to have and demand of the defendants said damages.''

FRANK P. DRENNER, for plaintiffs in error; EDWARD A. MECHLING and HAYDEN N. BELL, of counsel.

BRADY & RUTLEDGE, for defendants in error Walter G. Mueller and Jacob Frank; JAMES A. BRADY, of counsel.

E. F. MASTERSON, for defendant in error William Sullivan.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 228*—*intoxication as proximate cause of injury from imprisonment of husband for crime committed while drunk.* The intoxication of a man *held*, in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609) against those selling and furnishing him intoxicating liquor, to be the proximate cause of the damages sustained by his wife and children from his imprisonment for a crime committed while drunk.

2. INTOXICATING LIQUORS, § 168*—*when civil damage act strictly construed.* The entire Dramshop Act must be strictly construed since it is penal in character.

3. INTOXICATING LIQUORS, § 172*—*when person may recover under civil damage act.* A person seeking to recover under section 9 of the Dramshop Act (J. & A. ¶ 4609) for injuries caused by the sale or furnishing of intoxicating liquors to another, must bring himself clearly within the terms of the section.

4. INTOXICATING LIQUORS, § 202*—*when declaration sufficient in action under civil damage act.* A declaration in an action under

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

section 9 of the Dramshop Act (J. & A. ¶ 4609), which does not allege an injury to the person, property or means of support of either of the plaintiffs, does not state a cause of action.

5. INTOXICATING LIQUORS, § 202*—*when declaration sufficient in action under civil damage act against property owner.* A declaration in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609) by a wife and children against the keepers of saloons and the owners of the property where the business was conducted, to recover for injuries sustained from the sale of intoxicating liquor to a husband and father, does not state a cause of action against the property owners where it does not allege that liquor was sold or given the husband in the property or buildings owned by either of the other defendants.